**LENARD E. SCHWARTZER**
6655 W. Sahara Avenue
Suite B200-107
Las Vegas, NV 89146
(702) 307-2022
TRUSTEE/APPELLEE

# UNITED STATES COURT OF APPEALS
# OF THE NINTH CIRCUIT

In re

PARNELL COLVIN, III

　　　　　　　　Debtor.

_____

PARNELL COLVIN, III

　　　　　　　　Appellant

v.

LENARD E. SCHWARTZER, Chapter
7 Trustee

　　　　　　　　Appellee

No. 25-6715

BAP No. NV-25-1101

BK. No. 25-11109-abl

## OPPOSITION TO MOTION TO REINSTATE APPEAL

　　　Appellee Lenard E. Schwartzer ("Trustee/Appellee"), the Chapter 7 Trustee in the dismissed underlying bankruptcy case, moves this Court to Deny Parnell Colvin, III's ("Colvin") MOTION TO REINSTATE APPEAL (Docket 5) (the "Motion").

1

## FACTS

Colvin failed to prosecute his appeals both in the Bankruptcy Appellate Panel and in this Court by:

(a)     failing to pay the filing fees to both appellate courts,

(b)     failing to file a designation of record for appeal or a statement of issues,

(c)     failing to file opening briefs and appendixes in both appellate courts,

(d)     failing to order and provide transcripts, including a transcript of the Bankruptcy Court's oral findings of fact and conclusions of law, as required by Bankruptcy Rules 8009(a)(4) and 8010 and BAP Rule 8009-1.[1]

The dockets of this Court and the Bankruptcy Appellate Panel[2] show the lack of compliance with the rules and orders relating to the prosecution of these appeals. This Court's Docketing Notice specifically warned Colvin:

> **"The $605 docketing fee remains due.** Failure to correct this deficiency within 14 days will result in the dismissal of this case for failure to prosecute. See 9th Cir. R. 42-1. The fee is payable to the district court or the tax court.
> **Failure of the appellant to comply with the time schedule order may result in dismissal of the appeal."**

This Court's Time Schedule Order specifically warned Colvin:

---

[1] In this case, the Debtor/Appellant has failed to order a transcript of Bankruptcy Judge Landis' extensive (one hour) oral statement of his findings of fact and conclusions of law making review impossible.

[2] This Court may take judicial notice of the bankruptcy court docket and the Bankruptcy Appellate Panel dockets. FRE 201; *O'Rourke v. Seabord Surety Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957-58 (9th Cir. 1989); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo*, Inc., 971 F.2d 244, 248 (9th Cir. 1992); *Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

**"Failure of the appellant to comply with the time schedule order may result in automatic dismissal of the appeal. See 9th Cir. R. 42-1.**

**CIRCUIT RULE 42-1. DISMISSAL FOR FAILURE TO PROSECUTE** When an appellant fails to file a timely record, pay the docket fee, file a timely brief, or otherwise comply with rules requiring processing the appeal for hearing, an order may be entered by the clerk dismissing the appeal. In all instances of failure to prosecute an appeal to hearing as required, the Court may take such other action as it deems appropriate, including imposition of disciplinary and monetary sanctions on those responsible for prosecution of the appeal."

The docket of the Bankruptcy Court also reflects that Colvin is no stranger to violating Court rules and failing to prosecute cases as he has filed ten prior bankruptcy cases, nine of which have been dismissed.[3]

---

[3] The Bankruptcy Court docket in Case No. 25-11109 includes:

Notice of Debtor's Prior Filing for debtor PARNELL COLVIN III Case Number 17-10614, Chapter 7 filed in Nevada Bankruptcy Court on 02/13/2017 , Dismissed for Other Reason on 10/31/2017; Case Number 19-16459, Chapter 7 filed in Nevada Bankruptcy Court on 10/04/2019 , Dismissed for Failure to File Information on 01/08/2020; Case Number 22-11413, Chapter 7 filed in Nevada Bankruptcy Court on 04/22/2022 , Dismissed for Other Reason on 08/01/2022; Case Number 13-33280, Chapter 7 filed in Oregon Bankruptcy Court on 05/23/2013; Case Number 15-12810, Chapter 7 filed in Nevada Bankruptcy Court on 05/15/2015 , Dismissed for Failure to File Information on 07/06/2015; Case Number 19-14597, Chapter 7 filed in Nevada Bankruptcy Court on 07/18/2019 , Dismissed for Failure to File Information on 09/12/2019; Case Number 21-14974, Chapter 7 filed in Nevada Bankruptcy Court on 10/18/2021 , Dismissed for Other Reason on 12/07/2021.(Admin) (Entered: 03/03/2025)

## MEMORANDUM OF LAW

Colvin's Motion contains no legal arguments supporting his request for reinstatement of his appeal as required by FRAP 27(a)(2)(A).[4]

Colvin's Motion fails to comply with this Court's rules in that the factual allegations are not presented by affidavit or by documents. See FRAP Rule 27(a)(2)(B)(1).[5] While the Trustee/Appellee has no direct knowledge of the conversations that Colvin alleges he had with the clerk of this Court or the clerk of the Bankruptcy Appellate Panel or the clerk of the Bankruptcy Court, such unsworn allegations should be discounted as being contrary to the normal procedures of these clerks who do not give legal advice to parties.[6] Colvin's allegations in the Motion concerning the Trustee's actions in the underlying bankruptcy case (other than that the Trustee did file a motion to dismiss Colvin's bankruptcy case) are false.[7]

Colvin's Motion is not timely because it was not filed within 14 days of the Order dismissing the appeal (Docket 4) as required by Circuit Rule 27-1(a)(1)[8] and FRAP 40(d)(1)[9]. The Order dismissing this appeal was entered December 31, 2025 and Colvin's Motion was filed February 27, 2026.

---

[4] "Grounds and relief sought.
A motion must state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it."

[5] "Any affidavit or other paper necessary to support a motion must be served and filed with the motion."

[6] If I was attempting to be humorous, I would be quoting Joe Pesci as Vincent LaGuardia Gambini in My Cousin Vinny; "Everything that guy just said is bullshit." But Colvin's actions have caused a serious waste of time for both the Trustee and 3 different courts in this case alone.

[7] Trustee's Declaration under penalty of perjury supporting this statement is attached to this Opposition.

8 "(a) Filing for Reconsideration
    (1) Time limit for orders that terminate the case
        A party seeking further consideration of an order that disposes of the entire case on the merits, terminates a case, or otherwise concludes the proceedings in this Court must comply with the time limits of FRAP 40(d)(1)."

[9] "(d) Time to File; Form; Length; Response; Oral Argument.

4

Colvin's Motion does not comply with this Court's General Order 2.4[10] which requires that Colvin indicate how the deficiency has been corrected or explain why correction is impossible. Since none of the failures listed above have been corrected the Motion cannot be granted.

## RELIEF REQUESTED

Trustee/Appellee requests that the MOTION TO REINSTATE APPEAL be denied.

DATED: March 6, 2026

LENARD E. SCHWARTZER,
TRUSTEE/APPELLEE

---

(1) Time. Unless the time is shortened or extended by order or local rule, any petition for panel rehearing or rehearing en banc must be filed within 14 days after judgment is entered—"

[10] "2.4. Motions for Reinstatement
Any motion to reinstate an appeal dismissed for want of prosecution shall indicate how the deficiency has been corrected or explain why correction is impossible."

5

## DECLARATION OF TRUSTEE/APPELLEE

I declare, under penalty of perjury, that the facts stated in the foregoing Opposition are true and correct, to the best of my knowledge, information and belief.

DATED: March 6, 2026

LENARD E. SCHWARTZER

6

**Certificate of Compliance With Type-Volume Limit, Typeface Requirements, and Type-Style Requirements**

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

   ☒ this document contains 881 words, or
   ☐ this brief uses a monospaced typeface and contains [state the number of] lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

   ☒ this document has been prepared in a proportionally spaced typeface using Word for Microsoft in 14-point Times New Roman, or
   ☐ this document has been prepared in a monospaced typeface using [state name and version of word-processing program] with [state number of characters per inch and name of type style].

DATED: March 6, 2026

LENARD E. SCHWARTZER, TRUSTEE/APPELLEE

7